

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-11-2007

# Dong v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2669

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Dong v. Atty Gen USA" (2007). *2007 Decisions.* Paper 105.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/105

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2669

XIONG DONG,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

PETITION FOR REVIEW OF A DECISION OF
THE BOARD OF IMMIGRATION APPEALS
Agency No. A77-994-001
Immigration Judge: Henry S. Dogin

Submitted Under Third Circuit LAR 34.1(a)
November 27, 2007

Before: BARRY, FUENTES and GARTH, Circuit Judges

(Opinion Filed: December 11, 2007)

OPINION

BARRY, Circuit Judge

Petitioner Xiong Dong, a citizen of the People's Republic of China, petitions for

review of a December 19, 2003 order of the Board of Immigration Appeals ("BIA")

affirming an October 15, 2002 decision of an immigration judge ("IJ") denying his claim for relief under the Convention Against Torture ("CAT") and ordering his removal. Because petitioner has failed to prove that it is more likely than not that he will be tortured if returned to China, we will deny the petition.

Petitioner arrived at Los Angeles International Airport from China without a valid entry document on October 28, 2001. He was detained by the Immigration and Naturalization Service ("INS") and served with a Notice to Appear that charged him with failing to produce a valid entry document in violation of section 212(a)(7)(A)(I)(i) of the Immigration and Nationalization Act ("INA"). In an interview with an INS agent, petitioner first claimed that he came to the United States because he was not allowed to practice Catholicism in China, citing one incident in which he helped a priest escape when Chinese police disrupted prayers which the priest and others, including petitioner, were saying. When asked the priest's name, he said he did not know, and then admitted that the story was a lie and that he had come to the United States "for a better future." (A.R. 204.) Conceding his removability, petitioner applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") on the basis of religion, political opinion, and membership in a particular social group.

The IJ conducted a hearing on October 15, 2002. Petitioner testified that Chinese government officials had persecuted him because of his practice of Catholicism, and he feared that if returned to China he would be forced to endure further persecution on the same basis. On cross-examination, the government asked petitioner specific questions

2

about being a practicing Catholic in China. Some of his answers were unresponsive and others seemingly contradicted statements he had made in his asylum application; indeed, as the IJ subsequently observed in his oral decision, petitioner "had no idea what the Catholic church was all about." (A.R. 23.) After conferring with his counsel, petitioner withdrew his claims for asylum and withholding of removal, and proceeded solely on his claim for relief under CAT.

Petitioner testified in support of his CAT claim that because he had been smuggled out of China, it was "possible" that if returned he would be "hit" and sent to jail. (A.R. 107-09.) When asked by the government why he really had come to the United States, though, he responded, "to attend school." (A.R. 108.) The IJ then concluded the hearing, and, in his oral decision, denied petitioner relief and ordered his removal. On appeal, the BIA affirmed the IJ's decision without opinion.

We have subject-matter jurisdiction over final orders of removal pursuant to 8 U.S.C. § 1252(a)(1). Where, as here, the BIA affirms the decision of the IJ without an additional opinion, we review the IJ's opinion, "scrutiniz[ing] its reasoning." *Dia v. Ashcroft*, 353 F.3d 228, 245 (3d Cir. 2003) (en banc). Our review is de novo, affording legal determinations deference under *Chevron v. National Resources Defense Council, Inc.*, 467 U.S. 837, 844 (1984). *Wang v. Ashcroft*, 368 F.3d 347, 349 (3d Cir. 2004). We also defer to factual findings, and only reject them if "'a[] reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)). Finally, if the record contains "substantial evidence" supporting the denial of a claim

3

seeking relief under CAT, we must affirm. *Id.* at 350.

A petitioner seeking relief under CAT "bears the burden of establishing 'that it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Sevoian v. Ashcroft*, 290 F.3d 166, 175 (3d Cir. 2002) (quoting 8 C.F.R. § 208.16(c)(2)). Federal regulations define "torture" as

> acts done "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity," by means of which "severe pain and suffering, whether physical or mental, is intentionally inflicted" for purposes such as obtaining confessions, punishment, intimidation or coercion.

*Id.* (quoting 8 C.F.R. § 208.18(a)(1)).

Applying these standards, the IJ concluded that petitioner had failed to carry his burden under CAT. As noted above, petitioner claimed that because he had been smuggled out of China, the Chinese government would possibly hit and imprison him upon his return. The IJ correctly held that these claims of possible imprisonment and physical abuse did not demonstrate that it was more likely than not that petitioner would be tortured if returned to China. The IJ conceded that it was possible that petitioner might "have a problem on returning," and "that the Chinese government may actually stop him and may actually question him, may actually take him into custody," but that these measures do not constitute torture. (J.A. 24.) We have previously denied a petitioner's claim of relief under CAT where the petitioner claimed in a similarly conclusory fashion that, if returned to China, she would be prosecuted and imprisoned on the basis of her previous illegal exit. *Chen v. Gonzales*, 434 F.3d 212, 222 (3d Cir. 2005). In that case,

4

like this one, the petitioner failed to establish that she would be singled out for particularly harsh punishment or that the alleged punishment would be so severe as to amount to torture. *Id.*

Because the record contains substantial evidence supporting the denial of petitioner's CAT claim, we will deny the petition for review.